IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERIC SOLIS, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | |
| | § | C.A. NO. C-05-334 |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In this § 2254 habeas corpus action, petitioner challenges his 2004 state conviction for burglary of a habitation on the grounds that his guilty plea was involuntary, that he received ineffective assistance of counsel, and that he was convicted on insufficient evidence. (D.E. 1, at 7). Respondent moves for summary judgment to dismiss petitioner's habeas application because: (1) some of his claims are unexhausted and procedurally barred; (2) he waived all non-jurisdictional defects by entering a guilty plea; and (3) all of his claims lack merit. (D.E. 14). Petitioner has not filed a response to respondent's motion for summary judgment.[1]

For the reasons stated herein, it is respectfully recommended that

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

respondent's motion for summary judgment be granted.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II. BACKGROUND

Respondent has lawful custody of petitioner pursuant to a judgment and sentence of the 105th Judicial District Court of Nueces County, Texas, in cause number 04-CR-1954-D, styled <u>The State of Texas v. Eric Solis</u>.  <u>Ex parte Solis</u>, App. No. 61,597-01, at 47.  On July 23, 2004, pursuant to a plea agreement, petitioner pleaded guilty to burglary of a habitation with the intent to commit theft on May 18, 2004.  <u>Id.</u>  The trial court accepted his guilty plea and sentenced him to ten years of incarceration in the Texas Department of Criminal Justice, Correctional Institutions Division.  <u>Id.</u>

Petitioner did not file a direct appeal of his conviction.  (D.E. 1, at 3).  He did, however, file a state application for writ of habeas corpus on the grounds that there was insufficient evidence to convict him, the prosecutor failed to disclose favorable evidence, his confession was coerced, and the indictment was defective.  <u>Ex parte Solis</u>, App. No. 61,597-01, at 7-8.  The State submitted a response to petitioner's state habeas writ, in which it argued petitioner's claims were without

2

merit because: (a) he could not collaterally attack the sufficiency of the evidence of his conviction in a habeas proceeding; (b) by pleading guilty, he had admitted culpability to all elements of the offense; (c) the prosecutor did not fail to disclose favorable evidence; and (d) his allegations were conclusory and unsupported by the record.  Id. at 12.

On February 23, 2005, the state trial court found that petitioner's "grounds for relief are without merit and that all relief requests should be denied."  Id. at 32. It further found that petitioner could not challenge the sufficiency of evidence to support his conviction in a habeas proceeding, and that he had pleaded guilty to the indictment, and therefore, his claim of insufficient evidence to support his conviction was without merit.  Id. at 31.  Concerning his claim that the prosecutor failed to disclose favorable evidence, the trial court ruled that this claim was also without merit.  Id.  It also determined that plaintiff was mentally competent, and had waived his right to trial.  Id.  Next, it found that his confession was not coerced based on the fact that petitioner admitted in his complaint that after speaking with his attorney, he agreed to plead guilty.  Id.  Finally, the court found that the indictment in his case was not defective.  Id.

On April 6, 2005, the Texas Court of Criminal Appeals denied petitioner's application without written order based on the findings of the trial court.  Id. at

cover.

On July 6, 2005, petitioner filed his federal petition for writ of habeas corpus. (D.E. 1, at 9).  On October 12, 2005, respondent filed his motion for summary judgment.  (D.E. 14).

## III.  PETITIONER'S ALLEGATIONS

Petitioner argues that his conviction was obtained by a coerced confession because his lawyer told him to take the state's plea bargain offer of ten years, or he could end up being sentenced to forty years.  (D.E. 1, at 7).  He further alleges that his confession was coerced because he was not in the right state of mind at the time he pleaded guilty, and that he only pleaded guilty out of fear of his attorney.  Id. Second, he asserts that he received ineffective assistance of counsel because his counsel had a conflict, would not follow his instructions, coerced him into pleading guilty, failed to contact people whose names petitioner had provided him, and failed to investigate petitioner's mental state.  Id. at 7-8.  Finally, petitioner claims that there was not sufficient evidence to support his conviction and that his attorney knew he was not guilty, but failed to conduct a proper investigation.  Id. at 7.

## IV.  EXHAUSTION OF STATE COURT REMEDIES

Petitioner's writ of habeas corpus is subject to review pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Lindh

v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to habeas petitions filed after its effective date of April 24, 1996).  Respondent argues that petitioner has not exhausted his ineffective assistance of counsel claim as required by AEDPA.  (D.E. 14, at 3).  Respondent does not challenge petitioner's coerced confession and insufficient evidence claims as being unexhausted at the state level.

A federal writ of habeas corpus from an individual in state custody shall not be granted unless the individual has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances which render state remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1).  Respondent asserts that the exhaustion requirement dictates that state courts be given the initial opportunity to consider federal law challenges to state custody before the federal courts can entertain such assertions.  (D.E. 14, at 5) (citing Heck v. Humphrey, 512 U.S. 477, 480 (1994); Coleman v. Thompson, 501 U.S. 722, 731 (1991)).  The substance of a habeas petitioner's claim must have been "fairly presented" to state courts before being presented to the federal courts. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (citing Picard v. Connor, 404 U.S. 270, 275 (1971)).

Respondent argues that petitioner did not raise his ineffective assistance of counsel claim in his state habeas application, or in any proceeding before the Texas

Court of Criminal Appeals.  (D.E. 14, at 5).  Petitioner's state habeas application

raised four claims: (1) insufficient evidence; (2) failure of prosecutor to disclose

favorable evidence; (3) conviction obtained by a coerced confession; and (4)

invalid or defective indictment.  Ex parte Solis, App. No. 61,597-01, at 7-8.  His

federal petition alleges that he received ineffective assistance of counsel because his

counsel had a conflict, would not follow his instructions, coerced him into pleading

guilty, failed to contact people that petitioner provided him the names of, and failed

to investigate petitioner's mental state.  (D.E. 1, at 7-8).

    Where a petitioner "fails to exhaust available state remedies and 'the court to

which the petitioner would be required to present his claims in order to meet the

exhaustion requirement would find the claims procedurally barred,'" then the claim

is procedurally defaulted.  Nobles, 127 F.3d at 420 (quoting Coleman, 501 U.S. at

735 n.1).  Federal habeas relief may only be granted on procedurally defaulted

claims if the petitioner can "demonstrate that failure to consider the claim[] will

result in a fundamental miscarriage of justice."  Moawad v. Anderson, 143 F.3d

942, 947 (5th Cir. 1998) (citation omitted); see also Nobles, 127 F.3d at 423 n.33.

The Fifth Circuit has held that a claim is procedurally barred from federal habeas

review if the petitioner would be precluded from exhausting the same claim in state

court pursuant to the Texas abuse of the writ doctrine.  Horsley v. Johnson, 197

6

F.3d 134, 136-37 (5th Cir. 1999).

Petitioner's ineffective assistance of counsel claim would be found to be procedurally barred in Texas courts pursuant to Section 4 of Article 11.07 of the Texas Code of Criminal Procedure.  Horsley, 197 F.3d at 137.  Therefore, it is respectfully recommended that the Court find petitioner's ineffective assistance of counsel claim is unexhausted and procedurally defaulted, and therefore, dismiss the claim with prejudice.

Finally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).  Based on the foregoing analysis, it is respectfully recommended that all of petitioner's claims be denied as meritless.

## V.  STANDARD OF REVIEW

**A.     Federal Habeas Corpus Standard of Review**.

A federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States.  Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994).  The standard of review governing petitioner's writ of habeas corpus is provided by AEDPA. Pursuant to AEDPA, a state prisoner may not obtain relief unless the state adjudication of the claim:

> (1)     resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly

7

established Federal law, as determined by the
Supreme Court of the United States; or

(2)     resulted in a decision that was based on an
unreasonable determination of the facts in light of
the evidence presented in the State court
proceeding.

28 U.S.C. § 2254(d); see also Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002).

The provisions of the AEDPA "ensure that state-court convictions are given effect

to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002) (citing

Williams v. Taylor, 529 U.S. 362, 403-04 (2000)).

    The Supreme Court has held that federal courts may not grant a writ of

habeas corpus merely on the finding of an error by a state court, but rather only

where a "state court arrives at a conclusion opposite to that reached by [the

Supreme Court] on a question of law or if the state court decides a case differently

than [the Supreme] Court on a set of materially indistinguishable facts."  Hill v.

Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citing Williams, 529 U.S. at 413).

    Absent a direct conflict with Supreme Court authority, habeas relief is only

available if a state court decision is unreasonable.  Montoya v. Johnson, 226 F.3d

399, 404 (5th Cir. 2000).  However, an unreasonable application of federal law is

not the equivalent of an incorrect application of federal law.  Williams, 529 U.S. at

412.  A federal writ may not issue simply because the state court incorrectly applied

federal law, rather the application must also be unreasonable.  Id. at 411.  An

unreasonable application occurs "if the state court identifies the correct governing legal principles from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

A federal district court "must reverse when [it] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001). The focus of the "unreasonable application" test of § 2254(d) is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (per curiam).

Finally, a state court's determination of a factual issue is afforded a presumption of correctness. Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998). The petitioner shall have the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Jackson, 150 F.3d at 524. Where a petitioner has failed to develop the factual record in state court, a federal court should not hold an evidentiary hearing unless the petitioner shows that:

> (A) the claim relies on-
>
> > (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

9

> (B) the facts underlying the claim would be sufficient to
> establish by clear and convincing evidence that but for
> constitutional error, no reasonable factfinder would have found
> the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (emphasis added); see also Murphy v. Johnson, 205 F.3d

809, 815 (5th Cir. 2000).  Thus, a prisoner must be diligent in developing the record

before a state court, and where a prisoner fails to develop the record, resulting in

the inability of a full and fair adjudication of his claims in state court, he is

prohibited from obtaining an evidentiary hearing at the federal level to develop the

record.  Williams v. Taylor, 529 U.S. 420, 437 (2000).[2]

**B.     Motion for Summary Judgment Standard.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas

corpus cases.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  Summary

judgment is appropriate when there is no disputed issue of material facts, and one

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A court must

consider the record as a whole by reviewing all pleadings, depositions, affidavits,

and admissions on file, and by drawing all reasonable inferences in favor of the

party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th

---

[2] The Supreme Court decided two cases on the same day, April 18, 2000, styled Williams v. Taylor.  However, the interested parties in the two cases are not identical.  The interested parties in the case cited here were Michael Wayne Williams, petitioner, and Warden John Taylor, respondent.  Williams, 529 U.S. at 420.  The parties in the other Williams case, previously cited, were Terry Williams, petitioner, and Warden John Taylor, respondent.  Williams, 529 U.S. at 362.

Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in his response to the motion for summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir.

1995); <u>Celotex</u>, 477 U.S. at 322-23.

# VI.  DISCUSSION

### A.    **Application Of AEDPA's Deference.**

Petitioner's claim that his confession was coerced, and that his conviction was not supported by sufficient evidence were both raised in his state habeas corpus application.  <u>Ex parte Solis</u>, App. No. 61,597-01, at 7-8.  The State filed an answer, and the trial court entered its findings, conclusion, and recommendation that his claims be denied.  <u>Id.</u> at 12-17, 30-32.  In its findings, the trial court held that "there are no controverted, previously unresolved facts material to the legality of the Applicant's imprisonment under the judgment of conviction in this cause ... [and found] that the grounds for relief are without merit and that all relief requested should be denied."  <u>Id.</u> at 32.

The Texas Court of Criminal Appeals denied petitioner's state habeas application.  <u>Id.</u> at cover 2.  This denial is considered a decision on the merits and is entitled to AEDPA's deference.  28 U.S.C. § 2254(d); <u>see also</u> <u>Neal v. Puckett</u>, 239 F.3d 683, 686 (5th Cir. 2001) ("In the context of federal habeas proceedings, adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive as opposed to procedural."); <u>Ex parte Torres</u>, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" signifies that the claim was

declined on grounds other than its merits).

Thus, deference to the state court decision is mandated by § 2254(d). Petitioner is not entitled to federal habeas relief unless he can demonstrate that the state court's adjudication of his claims was "contrary to, or involved an unreasonable application, of clearly established federal law," or was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

**B.    Petitioner's Claims.**

**1.    Conviction Obtained By A Coerced Confession.**

Petitioner claims that he was unlawfully induced to plead guilty by his trial counsel because his lawyer told him to take the state's plea bargain offer of ten years, or he could end up being sentenced to forty years.  (D.E. 1, at 7).  He further alleges that his confession was coerced because he was not in the right state of mind at the time he pleaded guilty, and did so only out of fear of his attorney.  Id.  Based on a review of the record, however, it appears that petitioner knowingly, voluntarily, and intelligently entered a guilty plea.

A federal court will uphold a guilty plea challenged in a writ of habeas corpus where the plea was knowing, voluntary, and intelligent.  James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995) (citing Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985)).  In making this determination, a court will look to see if the "defendant understood the nature and substance of the charges against him, and not necessarily

whether he understood their technical legal effect." Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1995) (citations omitted).  Where a defendant understood the charges against him and the consequences of a guilty plea, and voluntarily choose to plead guilty, the plea should be upheld.  Diaz v. Martin, 718 F.2d 1372, 1376-77 (5th Cir. 1983).  The Fifth Circuit has held that "'[a]s long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences."  Hobbs, 752 F.2d at 1082 (quoting Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981)); see also Ables v. Scott, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (per curiam) (a habeas petitioner's claim that his guilty plea was unknowing and involuntary was meritless because he had been properly admonished, and was aware of maximum prison term and fines for the charged offense).

The Supreme Court has held that "representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  In court declarations "carry a strong presumption of verity."  Id. at 74.  A petitioner attacking these "solemn declarations" based on "conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  Id.  This formidable barrier, however, does "not

14

foreclose proof at a later time that those [declarations] were themselves involuntary." Flores v. Estelle, 578 F.2d 80, 83 (5th Cir. 1978) (citations omitted).

The state trial court found that petitioner's confession was not coerced based on a review of his own complaint that indicated that "after talking to his lawyer, he agreed to plead guilty." Ex parte Solis, App. No. 61,597-01, at 31.  At his sentencing, the trial judge found that the defendant was mentally competent, and that his plea was "made knowingly, freely, and voluntarily." Id. at 22.  The trial judge advised petitioner of the offense he was charged with and its elements, along with the applicable range of punishment. Id.  The record shows that petitioner signed a confession and stipulation that stated his plea was "freely, voluntarily, knowingly, and intelligently given." Id.  He also signed a plea agreement, in which he agreed to plead guilty to burglary of a habitation in exchange for the State's recommendation that he be sentenced to ten years. Id. at 24.

Petitioner has not challenged the validity of the statements he made in court, or the findings of the trial judge, who had properly admonished him.  There is no factual dispute concerning the state court proceedings.  He has only offered conclusory allegations that are in direct conflict with the record.  He has failed to meet the burden of proof, clear and convincing evidence, required to overcome the deference to the state court proceedings as mandated by 28 U.S.C. § 2254(e)(1).

Therefore, it is respectfully recommended that the Court find his claim that

15

his conviction was obtained by an illegally coerced confession is without merit.

### 2.     Insufficient Evidence To Support His Conviction.

Next, petitioner asserts there was insufficient evidence to support his conviction.  (D.E. 1, at 7).  He claims that his attorney knew he was not guilty, but failed to conduct a proper investigation that would have revealed his innocence.  Id.

Petitioner presented this same claim in his state habeas writ, which was denied by the Texas Court of Criminal Appeals based on the trial court's findings. Ex parte Solis, App. No. 61,597-01, at cover 2.  The trial court found that "the sufficiency of the evidence may not be collaterally attacked in a habeas corpus action.  Moreover, Applicant pled guilty to the indictment.  This complaint is without merit."  Id. at 31.

This claim has been considered by Texas state courts and has been denied. Petitioner has not provided the Court with any specific facts to rebut the presumption afforded by 28 U.S.C. § 2254(e)(1).

Additionally, there is no federal constitutional requirement that evidence be offered in support of a guilty plea.  See Smith v. McCotter, 786 F.2d 697, 702 (5th Cir. 1986).  Petitioner's guilty plea alone provided sufficient evidence of his guilt. See Taylor, 933 F.2d at 327.  The Fifth Circuit held in Taylor that "[a] guilty plea is more than a mere confession; it is an admission that the defendant committed the charged offense."  Id. (citation omitted).  It further held that "[a] voluntary and

intelligent guilty plea does not become vulnerable to habeas corpus review simply because later judicial decisions indicate that the <u>plea rested on a faulty premise or that legal and factual evaluations of the defendant's counsel were incorrect.</u>" <u>Id.</u> (emphasis added) (citing <u>Brady v. United States</u>, 397 U.S. 742, 757 (1970)).

Therefore, it is respectfully recommended that the Court find petitioner's claim of insufficient evidence to support his conviction is without merit because he failed to rebut the presumption of correctness of the state court's findings. Furthermore, it is respectfully recommended that there is no constitutional requirement that sufficient evidence be presented to support a conviction where a defendant, such as petitioner here, has entered a knowing, voluntary, and intelligent guilty plea.

### 3.    Ineffective Assistance of Counsel Claims.

The Court may also deny petitioner's ineffective assistance of counsel claim on the merits despite his failure to exhaust state remedies.  28 U.S.C. § 2254(b)(2).

### a.    Ineffective Assistance of Counsel Standard.

To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief bears the burden of showing that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  In order to show counsel's performance was deficient, the petitioner must show that "counsel made

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.  The petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.  See Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).

Counsel's challenged conduct should be evaluated from the perspective of counsel at the time the conduct occurred.  Strickland, 466 U.S. at 690.  Due to the difficulties inherent in engaging in this analysis without being tainted by "the distorting effects of hindsight," a court's review should be highly deferential to counsel.  Id. at 689.  The reviewing court must give great deference to counsel's performance, strongly presuming that counsel has exercised reasonable professional judgment.  Id. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance).

The Fifth Circuit has explained that due to "the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices."  Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993).  In addition, it has held "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious

18

unfairness." Johnson v. Dretke, 394 F.3d 332, 337 (5th Cir. 2004) (citations omitted).  However, a reviewing court need not consider the deficiency prong if it concludes that the defendant has demonstrated no prejudice.  Strickland, 466 U.S. at 697.

The second prong of the Strickland two-part test is the actual prejudice prong.  The petitioner may not simply allege, but must affirmatively prove, prejudice.  Id. at 693.  Thus, a petitioner must affirmatively show how the actions of his counsel deprived him of a fair trial.  See Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987).  Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable, or the proceeding was fundamentally unfair due to counsel's deficient performance).

The petitioner must establish "actual prejudice as a result of his counsel's ineffectiveness."  Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted).  As the Fifth Circuit has firmly established, conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue.  Miller v. Johnson, 200 F.3d 274, 281-86 (5th Cir. 2000).  It has further held that "'[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner],... we [can find] no

19

merit to these claims.'"  Id. at 282 (quoting Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992)).

A petitioner has the burden of proof in a habeas proceeding attacking the effectiveness of counsel.  See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997). The petitioner must demonstrate that his counsel's representation was unreasonable, and that he suffered actual prejudice.  Id.  The Fifth Circuit has held that "[t]he failure to prove either deficient performance or actual prejudice forecloses an ineffective assistance claim."  Green v. Johnson, 160 F.3d 1029, 1035 (5th Cir. 1998).  A court may dispose of an ineffective assistance of counsel claim by showing the petitioner failed to meet either prong; it is not necessary for the court to address both prongs.  Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).

The Strickland test applies to cases where a defendant who pleaded guilty is claiming ineffective assistance of counsel in his habeas petition.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  This requires the petitioner to show constitutionally ineffective assistance compared to professional standards and a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Id. at 59.

### b.    Petitioner's Claim of Ineffective Assistance.

Petitioner's writ of habeas corpus states that:

> [M]y attorney and I was having a conflict and he would not do
> anything I asked him to do.  Plus he kept coercing me to plea

20

> out cause he didn't want to have a jury trial.  He also didn't
> contact the people I ask[ed] him to.  I was not in a good mental
> state of mind and in fact was mentally having problems at the
> time.  My attorney failed to check into those problems.  The
> attorney didn't want to do a proper investigation of my mental
> state of mind.

(D.E. 1, at 7).  He further argues that he received ineffective assistance of counsel

because "my lawyer failed to do a physiatric evaluation as I asked him to.  Because

I was incompetent at the time due to my mental state of mind."  Id. at 8.

Petitioner claims that his counsel had a conflict in his case, but does not

specify what the conflict was, or how it prejudiced his case.  Id. at 7.  He next

claimed that his counsel would not do anything that he instructed him to do.  Id.

Once again, however, petitioner does not provide any detail as to what instructions

his counsel ignored, and how the failure to act prejudiced his case.  He also claims

his attorney failed to contact people that he asked him to contact.  Id.  However,

petitioner does not specify who these people are, or why he was requesting that his

attorney contact them.  He also claims that his counsel did not investigate his mental

state.  Id.  Here again, he does not specify why counsel was obligated to make such

an investigation.  He also asserts that his counsel coerced him into pleading guilty.

Id.  Petitioner has failed to show with "reasonable probability" that but for

counsel's conduct, the result of the proceeding would be different.  Strickland, 466

21

U.S. at 694.  He has failed to provide any specific evidence concerning his counsel's

alleged deficiencies.  Petitioner has only provided the Court with conclusory

allegations that are not supported by specific pleaded facts, or the record.

It is respectfully recommended that the Court find petitioner has failed to

provide any evidence that counsel's conduct was unreasonable, or any actual

prejudice resulted from counsel's conduct, and that he failed to show that but for

his counsel's action he would not have pleaded guilty.  It is further respectfully

recommended that the Court find, because petitioner has failed to meet his burden

under Strickland, that his claim of ineffective assistance of counsel is without merit.

## VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a

habeas corpus proceeding "unless a circuit justice or judge issues a certificate of

appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a

notice of appeal, it is respectfully recommended that this Court nonetheless address

whether he would be entitled to a certificate of appealability.  See Alexander v.

Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on

a certificate of appealability because "the district court that denies a petitioner relief

is in the best position to determine whether the petitioner has made a substantial

showing of a denial of a constitutional right on the issues before that court.  Further

briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment be granted.  It is further recommended that the Court find petitioner's claim of ineffective assistance of counsel is unexhausted and procedurally barred from habeas review, and that all of his claims be dismissed with prejudice because they lack merit.  Finally, it is respectfully recommended that the Court find petitioner is not entitled to a certificate of appealability.

Respectfully submitted this 1st day of December 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).